**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUIS AND YOLANDA SEGURA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ALLSTATE INSURANCE COMPANY,** *et al.*,<br><br>    Defendant(s),<br><br>**AND RELATED CASES.** | Case No.: 13-CV-5594 YGR<br>Case No.: 14-CV-1589 YGR<br>Case No.: 14-CV-1687 YGR<br><br>**ORDER GRANTING PLAINTIFFS SEGURAS' MOTION TO REMAND; STAYING PLAINTIFF ALLSTATE'S DECLARATORY JUDGMENT ACTION; SETTING DEADLINE FOR BAC PLAINTIFFS' MOTION TO DISMISS VOLUNTARILY** |

Now before the Court are four motions filed in three related insurance coverage cases. In *Segura v. Allstate*, Case No. 14-1687, there are two motions: (1) Plaintiffs Yolanda and Luis Segura's Motion to Remand (Dkt. No. 15); (2) Defendant Allstate's Motion to Dismiss (Dkt. No. 14). In *Allstate v. Segura*, Case No. 13-5594, Defendants Seguras have filed a Motion to Dismiss or Stay (Dkt. No. 31), which Defendants Bac, *et al.*, have joined (Dkt. No. 3). In *Bac v. Allstate*, Case No. 14-1589, Plaintiffs Bac, *et al.*, have filed a Motion to Remand (Dkt. No. 12). On July 29, 2014, the Court heard oral argument on all motions.

Having carefully considered the papers submitted and the pleadings in these actions, and for the reasons set forth below, the Court hereby **GRANTS** the Seguras' Motion to Remand. Accordingly, the Court **STAYS** Allstate's declaratory judgment action. The Court **DENIES** the Bac Plaintiff's Motion to Remand. However, based upon representations of the Bac Plaintiffs, the Court sets a deadline for the Bac Plaintiffs' motion for voluntary dismissal.

**FACTUAL BACKGROUND**

The cases before the Court center on the question of whether Allstate Insurance Company breached its duties to the Seguras in connection with representation in *Urtecho, et al., v. Segura, et al.*, San Francisco Superior Court case number CGC-12-517315, and whether and to what extent the policies held by the Seguras provide for coverage. The parties are familiar with the intricacies of the three related cases, as well as the underlying action, as set forth in their briefs. Accordingly, the Court sets forth the following to provide context sufficient for resolution of the underlying motions.

**A. Underlying Action and Judgment**

On January 13, 2012, Floridalma Bac, Silvia Hurtado, and Carlos Sumpalaj ("Tenants") filed suit against the Luis and Yolanda Segura in the Superior Court of California for the City and County of San Francisco (the "Underlying Action"), regarding their tenancy at 51 Seville Street in San Francisco, alleging violations of state and local law. *Urtecho, et al., v. Segura, et al.*, Case No. CGC-12-517315. Prior to the filing of the state court action, Allstate had issued a Landlords Package Policy (the "Landlords Policy") and a Personal Umbrella Policy (the "Umbrella Policy") to the Seguras, which were in effect for the relevant periods. The Landlords Policy insured the property at 51 Seville Street in San Francisco, and afforded liability coverage of $500,000 per occurrence. The Umbrella Policy afforded liability coverage of $1,000,000 in excess of certain Required Underlying Insurance and other available insurance.

Allstate paid counsel to defend the Seguras in the Underlying Action, subject to a reservation of rights. Trial in the Underlying Action commenced on June 3, 2013 and the jury returned a verdict in favor of Tenants and against the Seguras on June 14, 2013. On November 26, 2013, Judge Ernest H. Goldsmith entered a first amended judgment in the Underlying Action, setting forth the damages awarded by the jury against the Seguras, the court costs, and attorneys' fees, in a total amount of $574,795.44.

### B. Litigation Posture

#### 1. *Allstate v. Segura*, *Bac, et al.*, 13-5594 ("*Allstate*")

On December 3, 2013, Allstate commenced *Allstate* in this Court seeking an adjudication of its duty to indemnify the Seguras in connection with the Underlying Action. Allstate specifically seeks an adjudication of the existence or extent of coverage for the judgment in the Underlying Action. In its complaint, Allstate asserted two causes of action for declaratory relief on its duty to indemnify on the Landlords and Umbrella Policies. In addition to seeking declaratory relief, Allstate also seeks costs of suit.

On March 10, 2014, the Tenants filed a counterclaim, alleging that Allstate acted in bad faith by refusing to pay the full judgment against the Seguras, by bringing the declaratory relief action, and by failing to properly defend the Seguras in the Underlying Action. (Dkt. No. 27.) On March 28, 2014, the Seguras filed a motion to dismiss or stay *Allstate* (Dkt. No. 31), which the Tenants joined on April 8, 2014. (Dkt. 36).

#### 2. *Segura v. Allstate*, 14-1687 ("*Segura*")

On March 27, 2014, the Seguras initiated *Segura* in San Francisco Superior Court, seeking affirmative relief against Allstate as well as two additional, non-diverse defendants: the agents who sold the Seguras the Landlords Policy and the Umbrella Policy ("Agents"). (Dkt. No. 3.) The Seguras assert causes of action against Allstate and the Agents for (1) breach of contract, (2) fraud/concealment, (3) negligent misrepresentation, and (4) negligence. (*Id*.) They assert an additional cause of action against Allstate for the breach of the implied covenant of good faith and fair dealing. (*Id*.) The Seguras seek special, general, and punitive damages, attorneys' fees, interest, and costs of suit. (*Id*.)

Allstate subsequently removed *Segura* to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446, asserting that this Court has original jurisdiction over the Superior Court action under 28 U.S.C. section 1332. Allstate asserts the Seguras and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Allstate contends the Agents were fraudulently joined as "sham defendants" and, therefore, their citizenship should be disregarded for the purposes of ascertaining diversity jurisdiction.

3

On April 25, 2014, the Agents filed a motion to dismiss the Seguras' claims against them. (Dkt. No. 14.)  The Seguras filed a motion to remand *Segura* on April 29, 2014.  (Dkt. No. 15.)

### 3. *Bac v. Allstate*, 14-1589 ( *"Bac"*)

On April 4, 2014, the Tenants filed *Bac* in San Francisco Superior Court as a direct action by judgment creditors under Insurance Code section 11580(b)(2), for bad faith and for declaratory relief. (Dkt. No. 1-1.)  Tenants in this action seek an adjudication of Allstate's duty to indemnify the Seguras in connection with the Underlying Action.  Specifically, Tenants seek an adjudication of the existence and/or extent of coverage for the underlying judgment to allow them to recover damages, costs and fees awarded to them in the Underlying Action.  Tenants also allege that Allstate acted in "bad faith" for the same reasons identified by the Seguras.  In their complaint in *Bac*, the Tenants assert causes of action for (1) direct action by judgment creditor under Insurance Code section 11580(b)(2) to recover the underlying judgment under the Landlords Policy, (2) direct action by judgment creditor under Insurance Code section 11580(b)(2) to recover the underlying judgment under the Umbrella Policy, (3) breach of the implied covenant of good faith and fair dealing pursuant to both policies, (4) declaratory relief as to the Landlords Policy, and (5) declaratory relief as to the Umbrella Policy.  (*Id.*)  They seek compensatory damages, attorneys' fees and costs incurred to obtain policy benefits, interest, punitive damages, and declaratory relief. (*Id.*)

Allstate subsequently removed *Bac* to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446, asserting that this Court has original jurisdiction over the Superior Court action under 28 U.S.C. section 1332.  Allstate asserts that the Tenants and Allstate are citizens of different states and the amount in controversy exceeds $75,000.  The Tenants filed a motion to remand on April 29, 2014 based on abstention grounds.  (Dkt. No. 12.)

Because the Seguras' Motion to Remand bears on the resolution of the remaining motions, the Court addresses this Motion first.

**Motion to Remand in** *Segura v. Allstate*

**A. Factual Allegations**

As set forth above, *Segura* is an action by Luis and Yolanda Segura against both Allstate and the individual agents, Mr. de Vera and Ms. Merlos, who sold them the insurance policies. The complaint includes, but is not limited to, the following factual allegations:

Luis Segura bought both Landlord and Umbrella insurance policies from Mr. de Vera and Ms. Merlos in San Francisco, California. Complaint at ¶¶ 7, 23, 38, 39, 43, 45. At the time of purchase, Luis Segura disclosed to Mr. de Vera and Ms. Merlos that on at least one occasion prior to buying the insurance, claims had been made against him that were similar and/or identical to the kinds of claims that were asserted against him in the "Underlying Action." Id. at ¶ 23. Mr. Segura specifically requested that Mr. de Vera and Ms. Merlos obtain coverage that protected against those types of claims. *Id.* at ¶¶ 7, 23. Mr. de Vera and Ms. Merlos promised to obtain that coverage, and told Mr. Segura that they had obtained it. *Id.* at ¶¶ 22, 23, 43B. The Seguras allege that at times, the Agents acted outside the scope of their agency for Allstate; at some points, the Agents were acting on their own or as dual agents. *Id.* at ¶¶ 4, 60.

The Seguras allege that Mr. de Vera and Ms. Merlos owed various duties to them, including obligations to obtain the requested coverage, and to make sure that the coverage procured would unambiguously provide coverage for the kinds of claims that were later asserted in the Underlying Action. *Id.* at ¶¶ 22, 23. The Seguras also allege that the Agents were obligated to disclose whether the coverage requested was unavailable or if the coverage obtained was different from that requested. Finally, the Seguras assert that the Agents were obligated to refrain from misrepresenting the nature and extent of the insurance coverage and hiding the truth in order to make a sale. *Id.* at ¶¶ 42, 45A, 56. Plaintiffs allege that Mr. de Vera and Ms. Merlos failed to fulfill these obligations. *Id.* at ¶¶ 26, 27, 38C, 39C, 438, 43C, 45A, 45C, 53, 57. As a result of the conduct of Mr. de Vera and Ms. Merlos, the Seguras allege that they have been denied coverage by Allstate and have been forced to litigate the instant case concerning the extent of coverage. *Id.* at ¶¶ 9, 26-29, 48, 51, 58, 59.

**B. Jurisdiction**

    **1. Legal Standard for Remand and the "Sham Defendant" Doctrine**

Defendant Allstate removed this action to this Court on the basis of diversity of citizenship, despite the fact that the Agent defendants are California residents and therefore not diverse from the Seguras. Plaintiffs thereafter filed a Motion to Remand this action back to state court. Accordingly, the Court must determine whether it has subject matter jurisdiction over the action. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)). Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotations omitted, alteration in original). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004); *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (holding that, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary")). "Merely a glimmer of hope that the plaintiff can establish a claim is sufficient to preclude application of [the] fraudulent joinder doctrine. In fact, a federal court's fraudulent-

joinder consideration should be akin to an application of Rule 11." *Rodis v. Allstate Ins. Co.*, 2013 WL 6528900, at *3 (C.D. Cal. Dec. 12, 2013) (internal citations and quotation marks omitted).

The Court need not inquire into a plaintiff's motives in joining a non-diverse defendant. "[T]he question is simply whether there is *any possibility* that plaintiff will be able to establish liability against the party in question." Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 2:672 (The Rutter Group 1998) (citing *Lewis v. Time. Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd* 710 F.2d 549 (9th Cir. 1983)); *see also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so."). Given the presumption against removal jurisdiction, disputed questions of fact should be decided in favor of the non-removing party. *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078-79 (C.D. Cal. 1999) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 806 (N.D. Cal. 1998); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983); Schwarzer, *supra*, ¶ 2:685).

**2. Analysis**

While the Seguras assert four causes of action against the Agents, the Court need only determine whether "there is *any possibility* that plaintiff will be able to establish liability against the party in question." Thus, the Court elects to address only one of the Tenants' claims: negligent misrepresentation. Finding that there is some possibility that a state court could impose liability on the Agents for this claim, remand of this action is mandatory, and the Court need not address the Seguras' other claims.

**i. Negligent Misrepresentation Claim**

It is well-settled that an insurance agent may be directly liable for misrepresenting the extent or nature of coverage, or if the agent holds himself out as having expertise in the area of insurance sought by the insured. *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999) (citing *Fitzpatrick v. Hayes*, 67 Cal.Rptr.2d 445, 452 (1997)). In addition, an insurance agent has an "obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Butcher v. Truck Ins. Exch.*, 77 Cal. App. 4th

1 1442, 1461 (2000) (citing *Jones v. Grewe*, 189 Cal.App.3d 950, 954 (1987)). An agent's failure to
2 deliver the agreed-upon coverage may constitute actionable negligence and the proximate cause of
3 an injury. *See id*. (citing *Desai v. Farmers Ins. Exchange*, 47 Cal.App.4th 1110, 1120 (1996);
4 *Clement v. Smith*, 16 Cal.App.4th 39, 45 (1993); *Kurtz, Richards, Wilson & Co. v. Insurance
5 Communicators Marketing Corp.*, 12 Cal.App.4th 1249, 1257 (1993) (broker negligently
6 represented that insured was not subject to Medicare provisions of federal statute); *Free v. Republic
7 Ins. Co.*, 8 Cal.App.4th 1726, 1730 (1992) (negligent failure of agent to respond to homeowner's
8 inquiry concerning adequacy of coverage limits to rebuild home); *Westrick v. State Farm
9 Insurance*, 137 Cal.App.3d 685, 692 (1982); *Jackson v. Aetna Life & Casualty Co.*, 93 Cal.App.3d
10 838, 840 (1979) (negligent failure of agent to add lessor as additional insured party); *Greenfield v.
11 Insurance Inc.*, 19 Cal.App.3d 803 (1971) (negligent failure of agent to obtain the coverage
12 requested by client)).

13       Here, the Seguras allege that before the events giving rise to the underlying action occurred,
14 they sought to purchase insurance policies that "would protect plaintiffs from claims like the ones
15 that were later asserted against them in the underlying action." (Compl. ¶ 7.) Such coverage
16 purportedly included bodily injury, property damage, and personal injury. (Compl. ¶ 14.)
17 According to the Seguras, the promises made by Agent Defendants were misleading, the result
18 being that the coverage they actually received was at variance with the coverage they believed they
19 had purchased. They thus contend that the Agents acted negligently in advising, selling the
20 policies, carrying out their obligations to Plaintiffs, and in performing their duties as dual agents.
21 (Compl. ¶ 57.) The Seguras further allege that they had specifically requested coverage to insure
22 them against the events that gave rise to the Underlying Action, as Luis Segura had previously been
23 subject to a similar claim and thus specifically requested coverage for those types of claims.
24 (Compl. ¶ 23.) According to the Seguras, the Agents represented that such coverage had been
25 obtained. *Id*. Based upon the foregoing, the Seguras allege that the Agents committed actionable
26 negligent misrepresentation.

27       Allstate counters that the Agents cannot be liable because the actions alleged occurred while
28 the Agents were performing their duties as agents of Allstate. (Opp. at 11.) That argument,

however, simply begs the question of whether the Agents were acting within the scope of their duties when they made the alleged misrepresentations. Under certain circumstances, an insurance agent may be liable to an insured for his wrongful acts, even if the principal has been fully disclosed. *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999). If an insurance agent is a dual agent, as is alleged in the complaint, that agent owes a duty to both the insurer and the insured. Consequently, the agent may be liable to the insured for negligence or other tortious behavior even if committed within the scope of his role as an agent of the fully disclosed insurer. *Id*. (citing *Kurtz, Richards, Wilson & Co. v. Insurance Communicators Marketing Corp.*, 16 Cal. Rptr. 2d 259, 263 (1993)). The determination of whether dual agency exists is a question of fact. *See id.* (citing *Lippert v. Bailey*, 241 Cal.App.2d 376, 383 (1966)).

Here, the Seguras allege that the Agents represented that the insurance coverage they had purchased would extend to cover events such as those giving rise to the underlying action. They also allege that Mr. Segura specifically requested such insurance due to his previous experience with a similar claim. Plaintiffs allege that the Agents informed them that the coverage had been procured, and further, that the coverage would be unambiguous. The Seguras further allege that the agents misrepresented the scope of coverage they had procured for the Seguras. Construing these facts in the Seguras' favor, as is required at this juncture, the Court cannot find that the Seguras' claim for negligent misrepresentation is without a "glimmer of hope."

Accordingly, the Agents therefore were not fraudulently joined as sham defendants, and their California citizenship destroys diversity between the parties. *Segura v. Allstate*, Case No. 14-1687-YGR is hereby **REMANDED** to the San Francisco Superior Court for lack of jurisdiction. Accordingly, Defendant Allstate's pending Motion to Dismiss (Dkt. No. 14) is moot.

### ii. Attorneys' Fees

The Seguras' final request in their motion is for attorneys' fees related to opposing Allstate's removal.

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded when the

removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Although the Court was not persuaded by Allstate's arguments, the Court declines to award Plaintiff's attorneys' fees and costs under § 1447(c).

### *Allstate v. Segura*

Having remanded *Segura v. Allstate*, the Court now turns to the question of how that decision bears on *Allstate v. Segura*. For the reasons set forth below, the Court finds that a stay of the *Allstate* action is appropriate.

As set forth above, in the *Allstate* action, Plaintiff Allstate seeks a declaratory judgment concerning the existence or extent of coverage and its duties to indemnify the Seguras, if any, relating to the judgment in the Underlying Action. Currently pending is the Seguras' motion to dismiss for lack of jurisdiction or stay this declaratory judgment action, which the Tenants have joined. (Dkt. Nos. 31, 36.)

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64. That being said, while a court's discretion to stay matters pending before it is broad, it is not "unfettered." *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). For instance, " 'if there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The length of a stay must be proportionate to "the strength of the justification given for it." *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). A greater showing is required to justify especially long stays, or those of "indefinite" term. *Id.*; *Dependable Highway Exp.*, 498 F.3d at 1066.

The remanded action, *Segura v. Allstate* presents to the state court certain of the questions over which Allstate asks this Court to preside: the extent of insurance coverage vis-a-vis the judgment in the Underlying Action and Allstate's duties under the policies at issue. The resolution

of those questions by the state court in *Segura* will necessarily bear on the *Allstate* action. For this Court to permit the declaratory judgment action to proceed would thus needlessly duplicate state court litigation – on questions of state law, no less. This fact alone, as well as principles of comity and fairness, counsels strongly in favor of a stay of the federal action.

Allstate did not provide briefing on whether a stay would work damage or produce hardship or inequity; Allstate's response to Defendants' motion centers on the question of an outright dismissal of this action, not a stay. Regardless, the Court has examined these issues and finds that a stay of this action will not unfairly affect Allstate or any other party. Rather, it would be unfair and damaging to all involved for this Court proceed with the declaratory judgment action notwithstanding simultaneous proceedings on overlapping questions in the state court.

Accordingly, the proceedings in *Allstate v. Segura, et al.*, Case No. 13-5594 are hereby **STAYED** for a period of 180 days from the date of this Order.

The Court **SETS** a status update hearing on its 9:01 a.m. Calendar on **Friday, February 13, 2015**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. At least five business days before the status update hearing, the parties shall submit a single, joint status update statement updating the Court as to the progress of the state court litigation. The parties may also succinctly state their positions regarding extending or lifting the stay. The Court shall determine on the basis of the filing whether extension or termination of the stay is warranted, and whether further briefing or a hearing shall be required.

### *Bac v. Allstate*

As discussed above, the claims presented in *Bac v. Allstate* turn on many of the same findings and determinations that are raised in *Segura v. Allstate*, over which this Court lacks proper subject-matter jurisdiction. However, in *Bac* the parties do not dispute this Court's subject-matter jurisdiction, which is properly found in diversity. Nonetheless, the Tenants ask this Court to remand this action based on abstention grounds. For the reasons set forth below, the Court declines to do so.

Remand is appropriate only where the federal court lacks subject matter jurisdiction or where the removal procedure has been defective. 28 U.S.C. §1447. In *Quackenbush v. Allstate*,

517 U.S. 706 (1996), the United States Supreme Court determined that federal courts can only remand an action based upon abstention principles if "the relief being sought is equitable or otherwise discretionary" and that remand on abstention grounds is inappropriate in an action for damages. *Quackenbush*, 517 U.S. at 731. Applying this standard, remand is inappropriate here. The Bac Plaintiffs' motion to remand is therefore **DENIED**.

However, the Bac Plaintiffs have represented that they intend to seek leave of Court to voluntarily dismiss this action in order that they may join in the pending state court action, *Segura v. Allstate*. Having considered the argument presented on the record at the July 29 hearing as well as the Bac Plaintiffs' supplemental statement (Dkt. No. 26), the Court is tentatively inclined to grant such a request. Accordingly, the Bac Plaintiffs shall file any motion for leave to dismiss no later than **August 22, 2014**. Any opposition, or statement of non-opposition thereto shall be filed by **August 27, 2014** and limited to five pages. Nor reply or oral argument will be allowed.

## CONCLUSION

For the reasons set forth above, Plaintiff Seguras' Motion to Remand in *Segura v. Allstate*, Case. No. 14-1687 is **GRANTED**. The Clerk of the Court is directed to **REMAND** this action to the Superior Court of California for the City and County of San Francisco and terminate the case. Defendant Allstate's Motion to Dismiss is **DENIED** as moot. The case styled *Allstate v. Segura*, Case. No. 13-5594 is **STAYED** for a period of 180 days and a status update hearing is set for **February 13, 2015**. Plaintiffs' Motion to Remand in the case styled *Bac v. Allstate*, Case No. 14-1589 is **DENIED**, and any motion for leave to dismiss shall be filed by Plaintiffs no later than **August 22, 2014**.

This Order terminates: Case No. 13-5594, Dkt. No. 31; Case No. 14-1589, Dkt. No. 12; Case No. 14-1687, Dkt. Nos. 14, 15.

**IT IS SO ORDERED**.

Date: **August 11, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

12